Eugenia Bagdassarian, Esq.  (SBN 334898)
Eugenia@TrialLit.com
E-Service: service@TrialLit.com
**TRIAL LIT ATTORNEYS, APC**
600 W. Broadway, Suite 235
Glendale, CA 91204
Tel: (818) 584-3500
Fax: (877) 565-0213

Attorneys for Plaintiff,
KATHY JIRON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KATHY JIRON, an Individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO;<br>GABRIELLE LEOS, an individual;<br>AUSTIN DECOUD, an individual; and<br>DOES 1 to 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>Pursuant to 42 U.S.C. §1983:<br>1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability (Ratification)<br>5. Municipal Liability (Failure to Train)<br>6. Municipal Liability (Unconstitutional Custom, Practice, or Policy)<br><br>Pursuant to State Law:<br>7. False Arrest/False Imprisonment<br>8. Battery<br>9. Negligence<br>10. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

1.      COMES NOW, Plaintiff, KATHY JIRON, for this Complaint for Damages against Defendants COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, and hereby alleges as follows:

## **INTRODUCTION**

2.      This civil rights action arises out of the violation of both Federal and State Law including the use of excessive and unreasonable force against KATHY JIRON by COUNTY OF SAN BERNARDINO Sheriff Department ("SBSD") Deputies on April 28, 2024 in the County of SAN BERNARDINO, California.

3.      Plaintiff KATHY JIRON suffered serious bodily injury and severe pain and suffering as a direct and proximate result of the actions and inactions of Defendants COUNTY, GABRIELLE LEOS (hereinafter "LEOS"), AUSTIN DECOUD (hereinafter "DECOUD"), and DOES 1-10, inclusive. Defendants COUNTY, LEOS, DECOUD and DOES 1-10, inclusive are directly liable for their nonfeasance and malfeasance and for Plaintiff Jiron's injuries, harm, and damages under federal law pursuant to 42 U.S.C. § 1983 and under state law pursuant to Cal. Govt. Code §§ 820, 820.4, 820.8, and 821.8, Cal. Civ. Code § 52.1, and Cal. Code. of Civ. Pro. §§ 1021.5. Defendant COUNTY is directly liable for its conduct pursuant to 42 U.S.C. §1983 under *Monell* and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of SBSD Deputies, including Defendants LEOS, DECOUD and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§820(a), 815.2(a), and 815.6.

4.      Defendants LEOS, DECOUD, and DOES 1-8, inclusive, caused various injuries herein directly, or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Specifically, Defendants LEOS, DECOUD, and DOES 1-8, inclusive escalated the situation when they wrongfully seized Plaintiff Jiron, and repeatedly used unreasonable force upon Plaintiff while she was not a threat to any person, causing injuries and damages.

5.      Defendants COUNTY OF SAN BERNARDINO and DOES 9-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

6.      Plaintiff seeks compensatory damages from Defendants for violating various rights under the United States Constitution and California law in connection with their use of excessive and unreasonable force. Plaintiff seeks punitive damages from Defendants DOES 1-10 only, and not Defendant COUNTY.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

8.      This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

10.     On or around July 23, 2024, Plaintiff served a comprehensive and timely claim for damages with the COUNTY pursuant to applicable sections of the California Government Code.

11.     On September 6, 2024, Defendant COUNTY served its letter of rejection for Plaintiff's claims.

## PARTIES

12.     Plaintiff KATHY JIRON is the Plaintiff in this action who was the victim of excessive force at the hands of SBSD COUNTY deputies LEOS, DECOUD and DOES 1-8.

**COMPLAINT FOR DAMAGES**

13.     Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is a political subdivision of the State of California that is within this judicial district. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the COUNTY OF SAN BERNARDINO Sheriff's Department ("SBSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant COUNTY, SBSD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant COUNTY was the employer of Defendant Deputies LEOS, DECOUD and DOES 1-10.

14.     At all relevant times, Defendants LEOS, DECOUD and DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

15.     At all relevant times, Defendants LEOS, DECOUD and DOES 1-10 were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

16.     In doing the acts, and/or failing and omitting to act, as hereinafter described, Defendants LEOS, DECOUD and DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

17.     Defendants DOES 9-10, inclusive, are managerial, supervisorial, or policymaking employees of the Defendant COUNTY who were acting under color of law within the course and scope of their duties as supervisorial officials for the SBSD. Defendant DOES 9-10, inclusive, were acting with the complete authority of their principal, Defendant COUNTY.

18.     Plaintiff is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein,

**COMPLAINT FOR DAMAGES**

acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

19.     Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein all individual Defendants, including Defendants LEOS, DECOUD, and DOES 1-10, inclusive, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant COUNTY.

20.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of those Defendants when the same has been ascertained. Plaintiff is informed and believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiff's damages.

21.     On information and belief, Defendants LEOS, DECOUD, and DOES 1-10, inclusive, were at all relevant times residents of the COUNTY OF SAN BERNARDINO.

22.     Pursuant to Cal. Govt. Code §815.2(a), Defendant COUNTY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants DOES 1-10, inclusive, as alleged by Plaintiff's state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendants LEOS, DECOUD, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant COUNTY is also liable pursuant to Cal. Govt. Code §815.6.

23.     All Defendants who are natural persons, including Defendants LEOS, DECOUD, and DOES 1-10, inclusive, are sued individually and/or in his/her capacity as deputies, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant COUNTY and the SBSD; and punitive damages are only being

**COMPLAINT FOR DAMAGES**

requested as to these Defendants, and not Defendant COUNTY.

24. On July 6, 2024, Plaintiff filed a claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

25. On August 20, 2024, COUNTY rejected Plaintiff's claims for damages by letter.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. On or about April 28, 2024, Plaintiff was at home standing in public when he was approached by DOES 1-8 at or near 16330 Orick Avenue #1, Victorville, CA 92392. On information and belief, prior to arrival on scene, Defendants LEOS, DECOUD, and DOES 1-8, did not have reasonable suspicion to believe Plaintiff Jiron had committed or was about to commit a crime, and did not have reasonable suspicion to believe that Plaintiff Jiron was an armed threat to the deputies. Defendants LEOS, DECOUD, and DOES 1-8 did not have probable cause to arrest Plaintiff Jiron as they had no information that a crime was in progress related to Plaintiff.

28. Nevertheless, LEOS, DECOUD, and DOES 1-8 proceeded to unleash excessive and unreasonable force on Plaintiff, including but not limited to: beating Plaintiff; tasing Plaintiff; tackling Plaintiff to the ground; and using other undiscovered forms of force upon Plaintiff.

29. At the time of the use of force against Plaintiff, Plaintiff did not pose a threat of injury to LEOS, DECOUD, and DOES 1-8 or any other person.

30. LEOS, DECOUD, and DOES 1-8 had other reasonable options available to them other than using force.

31. LEOS, DECOUD, and DOES 1-8 did not give Plaintiff a verbal warning that force would be used prior to initiating the use of force, despite it being feasible to do so.

32. On information and belief, Plaintiff did not verbally threaten anyone prior

to the use of force.

33.     On information and belief, LEOS, DECOUD, and DOES 1-8 had no information that Plaintiff had committed a felony and manufactured probable cause to stop, and later use force upon, Plaintiff. Further, racial profiling was a significant factor in LEOS, DECOUD, and DOES 1-8's decision to detain Plaintiff.

34.     After using force upon Plaintiff, LEOS, DECOUD, and DOES 1-8 did not timely summon medical attention, who was clearly in a state of distress and had serious injuries. LEOS, DECOUD, and DOES 1-8 also did not allow and prevented responding medical personnel on scene to timely render medical aid to Plaintiff.

35.     Defendants LEOS, DECOUD, and DOES 1-8 either used unreasonable force upon Plaintiff Jiron, failed to intervene in the use of force against Plaintiff Jiron, and/or integrally participated in the use of force against Plaintiff Jiron, including by unnecessarily escalating the situation.

36.     The use of force against Plaintiff Jiron by Defendants LEOS, DECOUD, and DOES 1-8 was unnecessary, excessive, and unreasonable under the totality of the circumstances, because no verbal warnings were issued despite it being feasible to do so; Defendants had less-intrusive options available to them; Defendants failed to attempt using their less-intrusive options, despite it being feasible to do so; and Plaintiff Jiron did not pose a threat of serious injury to any person or Deputy at the time of the use of force.

37.     The conduct of Defendants LEOS, DECOUD, and DOES 1-8, as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Plaintiff Jiron, was a cause and substantial factor in causing Plaintiff Jiron fear, anxiety, pain, suffering, and serious bodily injury.

38.     The conduct of Defendants LEOS, DECOUD, and DOES 1-8, as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Plaintiff Jiron, was a cause and substantial factor in causing Plaintiff Jiron's damages.

39.     Upon information and belief, no deputy, including Defendants, and no person other than Plaintiff were harmed because of this incident and Defendants' conduct as alleged herein.

40.     The Defendant SBSD Deputies violated their own policies and basic deputy training when they used force against Plaintiff Jiron, indicating a deficiency in their policies and training for such a serious public issue.

41.     On information and belief, after the use of force, LEOS, DECOUD, and DOES 1-8 made false statements to investigators regarding the use of force incident.

## FIRST CLAIM FOR RELIEF

**Violation of the Fourth Amendment – Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants LEOS, DECOUD, and DOES 1-8)

42.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     Defendants LEOS, DECOUD, and DOES 1-8, acted under color of law and within the course and scope of their employment as SBSD Deputies for Defendant COUNTY.

44.     Defendants LEOS, DECOUD, and DOES 1-8, detained Plaintiff Jiron without reasonable suspicion and arrested him without probable cause.

45.     At all relevant times, Plaintiff Jiron had a legitimate expectation of privacy of his/her person, which is rooted in understandings that are recognized and permitted by society as reasonable.

46.     Upon information and belief, at the time of the Defendant Deputies' unlawful seizure of Plaintiff Jiron, they had no information that any person was at risk of harm or danger; they had no information about Plaintiff Jiron's background or history; they did not see Plaintiff Jiron act in a violent, threatening, or aggressive manner; they had no information that a crime was being or about to be committed by Plaintiff Jiron; and they had no information as to whether Plaintiff Jiron was armed with

any weapon.

47.    When Defendants LEOS, DECOUD, and DOES 1-8 unreasonably detained Plaintiff, they violated Plaintiff's right to be secure in his/her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Further, the scope and manner of the detention was unreasonable.

48.    The conduct of Defendants LEOS, DECOUD, and DOES 1-8, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff Jiron and therefore warrants the imposition of exemplary and punitive damages as to Defendants LEOS, DECOUD, and DOES 1-8.

49.    As a result of their misconduct, Defendants LEOS, DECOUD, and DOES 1-8 are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

50.    Plaintiff seeks compensatory damages for the violation of his/her rights. Plaintiff also seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

### Violation of the Fourth Amendment – Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

(Against Defendants LEOS, DECOUD, and DOES 1-8)

51.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

53.    The Fourth Amendment of the United States Constitution, as applied to

State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by Deputies.

54.     At all relevant times, Plaintiff Jiron did not verbally threaten any Deputy or person, and was not attempting to inflict harm on any Deputy or person. Defendants were not responding to a serious or violent crime, Defendants had no information that any person was harmed or that Plaintiff Jiron had harmed any person, and Defendants did not see a crime in progress upon arrival. Nevertheless, Defendants LEOS, DECOUD, and DOES 1-8, inclusive, used force, against Plaintiff Jiron, causing him/her to sustain serious bodily injuries.

55.     Defendants LEOS, DECOUD, and DOES 1-8, inclusive, used force against Plaintiff Jiron, while no Deputy or person was about to be harmed, Plaintiff Jiron was not an immediate threat to the safety of others, no warning was given that force would be used, and there were several less-intrusive alternatives available to the SBSD Deputies at the time.

56.     The SBSD Deputies were equipped with less intrusive force options that could have been employed. SBSD Deputies are trained that they should consider the least intrusive force option. The SBSD Deputies had the time and ability to attempt voluntary compliance without resorting to physical force through de-escalation and tactical communication but failed to do so.

57.     Upon information and belief, the SBSD Deputies had the opportunity to provide a verbal warning prior to the use of force, but failed to do so. This use of force violated SBSD Deputy training and standard law enforcement deputy training, including violating training with respect to the use of force.

58.     Defendants LEOS, DECOUD, and DOES 1-8, inclusive, caused various injuries as mentioned herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions deprived Plaintiff Jiron of his/her right to be secure in his/her person against unreasonable searches and seizures as guaranteed to Plaintiff Jiron

under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

59.    As a direct result of the aforesaid acts and omissions of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, Plaintiff suffered great physical and mental injury, and loss of enjoyment of life.

60.    The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff Jiron and warrants the imposition of exemplary and punitive damages in an amount according to proof.

61.    Plaintiff seeks compensatory damages for the violation of his/her rights. Plaintiff also seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

## THIRD CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)

### (Against Defendants LEOS, DECOUD, and DOES 1-8)

62.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.    The denial of medical care by Defendant LEOS, DECOUD, and DOES 1-8 deprived Plaintiff of his/her right to be secure in his/her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

64.    As a result, Plaintiff suffered extreme mental and physical pain and suffering and earning capacity.

65.    Defendants LEOS, DECOUD, and Does 1-8 knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

66.    After using force upon Plaintiff, including but not limited to tasing him/her

**COMPLAINT FOR DAMAGES**

multiple times and forcibly restraining Plaintiff, LEOS, DECOUD, and DOES 1-8 did not timely summon medical attention for Plaintiff, who had obvious serious injuries, and DOES 1-8 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff.

67.    LEOS, DECOUD, and DOES 1-8's conduct was willful, wanton, malicious, and done with reckless disregard for the Plaintiff's rights and safety and therefore warrants the imposition of exemplary and punitive damages as to Defendants LEOS, DECOUD, and DOES 1-8.

68.    Plaintiff seeks compensatory damages for the violation of his/her rights. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 9-10 and COUNTY)

69.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.    At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

71.    Defendant Deputies unreasonably and intentionally used force upon Plaintiff without there being an immediate threat of injury upon anyone, thereby using excessive and unreasonable force against Plaintiff. At all relevant times no person was about to be struck or harmed by Plaintiff, the SBSD Deputies were not responding to a serious or violent crime, had no information that a crime was in progress when the SBSD Deputies arrived, Plaintiff Jiron did not verbally threaten any person or deputy, and did not harm any person or deputy.

72.    Defendants LEOS, DECOUD, and DOES 1-8, inclusive, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the

Defendant COUNTY, and DOES 9-10, inclusive.

73.    On information and belief, Defendants LEOS, DECOUD, and DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiff's rights.

74.    Defendants COUNTY, and DOES 9-10, inclusive, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    i.   Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

    ii.   Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

    iii.   Employing and retaining as Deputies, individuals such as Defendants LEOS, DECOUD, and DOES 1-8, inclusive, who upon information and belief, Defendant COUNTY, and DOES 9-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

    iv.   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY law enforcement Deputies, and other personnel, including Defendants LEOS, DECOUD, and DOES 1-8, inclusive, who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

    v.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by law enforcement Deputies of the COUNTY.

**COMPLAINT FOR DAMAGES**

vi.  Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional.

vii.  Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the Deputies involved.

viii.  Failing to adequately discipline COUNTY law enforcement Deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

ix.  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which Deputies do not report other Deputies' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another deputy, while following the code, the deputy being questioned will claim ignorance of the other deputy's wrongdoing.

x.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in shootings of unarmed people.

xi.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement uses of force, including failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate unreasonable uses

**COMPLAINT FOR DAMAGES**

of force against citizens.

75.    On information and belief, the COUNTY has deficient policies and failed to train its deputies with respect to unreasonable seizures of persons, and unreasonable and unjustifiable use of force against individuals who do not pose an immediate threat of injury to anyone. As a result of these deficient polices and training, the Deputy Defendants unreasonably used force upon Plaintiff Jiron while Plaintiff Jiron was not a risk of flight, committing a serious crime, not a threat of injury to anyone, resulting in the injuries claimed in this lawsuit.

76.    Defendants COUNTY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

77.    By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants COUNTY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind Plaintiff Jiron's injuries.

78.    The acts of each of Defendant DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

79.    By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, Plaintiff Jiron endured substantial pain and suffering, injury, and loss of enjoyment of life.

**COMPLAINT FOR DAMAGES**

80.     Accordingly, Defendants COUNTY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

81.     Plaintiff also seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 9-10, inclusive)

82.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.     At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

84.     The acts of Defendant Deputies DOES 1-8, inclusive, as described herein, deprived Plaintiff Jiron of his/her particular rights under the United States Constitution, including when they unreasonably seized Plaintiff Jiron, and used unreasonable force against Plaintiff Jiron without justification.

85.     On information and belief, Defendant COUNTY failed to properly and adequately train SBSD deputies, including Defendants LEOS, DECOUD, and DOES 1-8, inclusive, to handle the usual and recurring situations with which they must deal, including with regard to the use of force and deadly force generally, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants COUNTY and DOES 9-10, inclusive, were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

86.     On information and belief, the Defendant COUNTY failed to train its deputies not to use force against/tase a person who is poses no threat and failed to train their deputies in the appropriate tactics prior to and in an effort to eliminate the use of force. As a result of this deficient policy and deficient training, the Deputy Defendants employed force against Plaintiff Jiron, resulting in the injuries claimed in this lawsuit.

**COMPLAINT FOR DAMAGES**

87.    Defendant COUNTY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its Deputies adequately as described herein.

88.    The failure of Defendant COUNTY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of Plaintiff Jiron's rights by Defendants LEOS, DECOUD, and DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff Jiron's rights as to be the moving force that caused the ultimate injury.

89.    As a direct and proximate result of the aforementioned conduct, Plaintiff Jiron endured severe pain and suffering and loss of enjoyment of life.

90.    Accordingly, Defendant COUNTY and DOES 9-10, inclusive, are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

91.    Plaintiff also seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendant DOES 9-10 and COUNTY)

92.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

93.    At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

94.    The acts of Defendant Deputies DOES 1-8, inclusive, as described herein, deprived Plaintiff Jiron of his/her particular rights under the United States Constitution, including when they intentionally used force upon Plaintiff Jiron without justification, causing his injuries, and unreasonably seized Plaintiff Jiron.

95.    Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying the unconstitutional and unreasonable uses of force,

**COMPLAINT FOR DAMAGES**

including deadly force.

96. Upon information and belief, a final policymaker for the Defendant COUNTY, acting under color of law, who had final policymaking authority concerning the acts of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, and the bases for them, ratified the acts and omissions of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the SBSD Deputies' unlawful detention of Plaintiff Jiron, and the excessive and unreasonable use of force against Plaintiff Jiron when he/she did not pose a threat to anyone.

97. Upon information and belief, a final policymaker(s) has determined (or will determine) that the acts of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, were "within policy."

98. Accordingly, Defendant COUNTY and DOES 9-10, inclusive, are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

99. Plaintiff also seeks punitive damages, costs, and reasonable attorneys' fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)

(Against Defendant DOES 1-10 and COUNTY)

100. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 99, inclusive, as if fully set forth herein.

101. Defendants LEOS, DECOUD, and DOES 1-8, inclusive, while working as deputies for the SBSD and acting within the course and scope of their duties, intentionally deprived Plaintiff Jiron of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants LEOS, DECOUD, and DOES 1-8, inclusive, detained Plaintiff Jiron without reasonable suspicion and arrested him without probable cause.

102.   Plaintiff Jiron did not knowingly or voluntarily consent.

103.   Defendants LEOS, DECOUD, and DOES 1-8, inclusive, detained Plaintiff for an appreciable amount of time.

104.   The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, was a substantial factor in causing the harm to Plaintiff Jiron.

105.   The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff Jiron, entitling Plaintiff to an award of exemplary and punitive damages.

106.   As a result of their misconduct, Defendants LEOS, DECOUD, and DOES 1-8, inclusive, are liable for Plaintiff Jiron's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

107.   DOES 1-8's conduct was willful, wanton, malicious, and done with reckless disregard for the Plaintiff's rights and safety and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-8.

108.   Defendants LEOS, DECOUD, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

109.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future pain and suffering, past and future medical expenses, and past and future lost earning capacity. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has

**COMPLAINT FOR DAMAGES**

been injured in mind and body.

111.   Plaintiff seeks compensatory damages for the violations of Plaintiff's rights, including for his/her pain and suffering and loss of enjoyment of life.

## EIGHTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Against Defendant DOES 1-10 and COUNTY)

112.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

113.   At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

114.   When Defendant Deputies DOES 1-8, inclusive, were detaining Plaintiff Jiron, Plaintiff Jiron was not threatening any person, and Plaintiff Jiron never verbally threatened any Defendant Deputies.

115.   Plaintiff Jiron was not attempting, willing, or intending to inflict harm on anyone. Defendants were not responding to a serious or violent crime, Defendants did not witness a crime in progress upon arrival, Defendants had no information that anyone had been hurt or injured or that Plaintiff Jiron had hurt or injured someone. DOES 1-8 unreasonably used force against Plaintiff Jiron when they tased, restrained, and used other yet-to-be discovered uses of force against him/her.

116.   The use of force was excessive and objectively unreasonable, especially because throughout the incident, Plaintiff Jiron presented no immediate threat to the safety of the Deputies or others, including not a threat bodily injury to any Deputy or other person. Further, Defendants' use of force violated their training, standard law enforcement training, and generally accepted law enforcement standards.

117.   Defendants LEOS, DECOUD, and DOES 1-8, inclusive, had no legal justification for using force against Plaintiff Jiron, and the use of force was unreasonable and non-privileged. Moreover, Plaintiff Jiron did not knowingly or voluntarily consent

to the use of force against him/her.

118. Defendants LEOS, DECOUD, and DOES 1-8, inclusive, caused various injuries as mentioned herein and are liable either because they directly harmed Plaintiff Jiron or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive touching of Plaintiff Jiron.

119. As a direct and proximate result of the aforesaid acts and omissions of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, Plaintiff Jiron suffered great physical and mental injury, as well as fear and emotional distress related to his/her physical injuries, pain and suffering, humiliation, and anguish.

120. The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff Jiron, entitling Plaintiff to an award of exemplary and punitive damages, which Plaintiff seeks under this claim.

121. Defendants LEOS, DECOUD, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

122. COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

123. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future pain and suffering, past and future medical expenses, and past and future lost earning capacity. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

124. Plaintiff seeks compensatory damages for the violations of Plaintiff's rights, including for his/her pain and suffering and loss of enjoyment of life.

**COMPLAINT FOR DAMAGES**

## NINTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against All Defendants)

125.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 124 of this Complaint with the same force and effect as if fully set forth herein.

126.   At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

127.   Peace officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes, but is not limited to, the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using force, and only using force as a last resort. Defendants breached this duty of care.

128.   The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    i.   the failure to properly and adequately train employees, including DOES 1-8, with regards to the use of force;

    ii.   the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

    iii.   the negligent tactics and handling of the situation with Plaintiff, including pre-use-of-force negligence including the failure to de-escalate the situation;

    iv.   the negligent detention, arrest, and use of force against Plaintiff;

    v.   the failure to provide prompt medical care to Plaintiff;

    vi.   the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-8;

**COMPLAINT FOR DAMAGES**

vii.  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

viii.  the failure to properly report the incident; and

ix.  the negligent handling of evidence and witnesses.

129.  As a result of their misconduct, Defendants are liable for Plaintiff Jiron's injuries on this claim, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

130.  As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff Jiron sustained injuries.

131.  Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

132.  A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a). Defendant COUNTY is vicariously liable under California law and the doctrine of *respondeat superior*.

133.  Defendants LEOS, DECOUD, and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

134.  COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

135.  As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe past and future pain and suffering, past and future medical expenses, and past and future lost earning capacity. Also, as a direct and proximate result of defendants' conduct as

**COMPLAINT FOR DAMAGES**

alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

136.    Plaintiff seeks compensatory damages for the violations of Plaintiff's rights, including for his/her pain and suffering and loss of enjoyment of life.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

137.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 136 of this Complaint with the same force and effect as if fully set forth herein.

138.    At all relevant times Defendants LEOS, DECOUD, and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant COUNTY.

139.    California Civil Code, Section 52.1, prohibits any person, including a police officer and/or Sheriff's deputy, from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

140.    Defendants LEOS, DECOUD, and DOES 1-8, inclusive, while working for the Defendant COUNTY and acting within the course and scope of their duties as Deputies and under color of law, intentionally committed, and attempted to commit acts of violence against Plaintiff, including by intentionally and repeatedly using force against Plaintiff and otherwise using unreasonable force against Plaintiff. This use of force was excessive and objectively unreasonable and especially reckless because Plaintiff Jiron was not armed, was not attempting to harm any person, was not being assaultive, resistive, or attempting to flee, and did not pose an immediate threat of bodily injury to any person. Further, the Defendants' use of force violated basic law

enforcement training, and generally accepted law enforcement standards.

141.  When Defendants LEOS, DECOUD, and DOES 1-8, inclusive, repeatedly used force against Plaintiff while Plaintiff did not pose a threat of bodily injury to any person, they interfered with Plaintiff's constitutional right to be free from unreasonable searches and seizures to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

142.  On information and belief, Defendants LEOS, DECOUD, and DOES 1-8, inclusive, intentionally, and spitefully committed the above acts to discourage or prevent Plaintiff from exercising his/her civil rights, or from enjoying such rights, which he/she was and is fully entitled to enjoy. Defendants LEOS, DECOUD, and DOES 1-8, inclusive, intentionally interfered with the above constitutional rights of Plaintiff, and as alleged herein, which can be demonstrated by Defendants' reckless disregard for Plaintiff's constitutional rights.

143.  Plaintiff reasonably believed and understood that the violent acts committed by Defendants LEOS, DECOUD, and DOES 1-8 were intended to discourage him/her from exercising the above civil rights, to retaliate against him/her for invoking such rights, or to prevent him/her from exercising such rights.

144.  The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, was a substantial factor in causing Plaintiff's harm, loss, injury, and damages.

145.  Defendant COUNTY and DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat* superior.

146.  The conduct of Defendants LEOS, DECOUD, and DOES 1-8, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants LEOS, DECOUD, and DOES 1-8, inclusive.

147.  Plaintiff seeks compensatory damages for the violations of Plaintiff's rights, including for his/her pain and suffering and loss of enjoyment of life. Plaintiff also seeks punitive damages, costs, and attorney's fees under California Civil Code

1    section 52 et seq. as to this claim.

2    //

3    //

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KATHY JIRON prays for judgment against Defendants, and each of them, as follows:

1.  For compensatory damages in excess of $1,000,000 under federal and state law, in the amount to be proven at trial;

2.  For punitive damages against the individual defendants in an amount to be proven at trial;

3.  For interest;

4.  For reasonable costs of this suit and attorney's fees;

5.  For treble damages under Civil Code Section 52.1; and

6.  For such further relief as the Court may deem just, proper, and appropriate.

Dated: February 26, 2025                    **TRIAL LIT ATTORNEYS, APC**

By:   /s/ Eugenia Bagdassarian
Eugenia Bagdassarian, Esq.
Attorney for Plaintiff,
KATHY JIRON

**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 26, 2025                    **TRIAL LIT ATTORNEYS, APC**


By:   /s/ Eugenia Bagdassarian
      Eugenia Bagdassarian, Esq.
      Attorney for Plaintiff,
      KATHY JIRON

**COMPLAINT FOR DAMAGES**